**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Paul Reyes,

Plaintiff,

v.

Sergeant Galland, M. Rustand, and
John Does, 1-2,

Defendants.

Civil No. 00-1484 (DWF/JGL)

**ORDER**

---

Paul Reyes, Pro Se, A0092390, FA-105, Florence Correctional Facility, Box 6900, Florence, AZ 85232, Plaintiff.

John W. Riches, Esq., Prairie Correctional Facility, Staff Personnel, P.O. Box 157, Appleton, MN 56208-0157, counsel for Defendant.

---

This matter is before the Court upon Plaintiff's objections to Magistrate Judge Jonathan G. Lebedoff's Report and Recommendation dated February 1, 2001. Pursuant to Federal Rules of Civil Procedure 12(h)(3), Magistrate Judge Lebedoff, in his Report and Recommendation dated February 1, 2001, evaluated the Plaintiff's action for the purpose of determining whether the action must be dismissed for lack of subject matter jurisdiction. The Report and Recommendation finds that the District Court does not have subject matter jurisdiction, that the Plaintiff's claims cannot therefore be properly entertained, and, in so finding, recommends that the above-entitled action be dismissed with prejudice. The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c).

FILED MAR 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAR 13 2001
DEPUTY CLERK

Based upon the Court's review of the record and the Court having reviewed the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Jonathan G. Lebedoff's Report and Recommendation dated February 1, 2001 (Doc. No. 37), is **ADOPTED**.

2. Plaintiff's motion for default judgment (Doc. No. 11) is **DENIED**.

3. Plaintiff's motion to strike the affidavit of John W. Riches II (Doc. No. 14) is **DENIED**.

4. Plaintiff's motion for an order directing the Marshal to serve Defendant M. Rustand (Doc. No. 31) is **DENIED**.

5. Defendant Galland's motion for summary judgment (Doc. No. 7) is **DENIED**.

6. Defendant Galland's motion to dismiss (Doc. No. 19) is **DENIED**.

7. Defendant Galland's motion for protective order (Doc. No. 22) is **DENIED**.

8. This action is **SUMMARILY DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

9. Plaintiff Paul Reyes is required to pay the unpaid balance of the filing fee for this action pursuant to 28 U.S.C. § 1915(b)(2).

Dated: March 13, 2001

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: MAR 13 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995